CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED-for
RKu
JAN 2 3 2009
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHARLES MOODY, | ) | Civil Action No. 7:08-cv-00432 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DANIEL DEJESUS, et al., | ) | By: Hon. Jackson L. Kiser |
|     Defendants. | ) | Senior United States District Judge |

Plaintiff Charles Moody, a federal inmate proceeding pro se, filed this Federal Tort Claims Act[1] (FTCA) and Bivens[2] civil action, with jurisdiction vested in 28 U.S.C. § 1331, against the Federal Bureau of Prisons and prison medical personnel Daniel DeJesus, David Allred, David Roff, Irwin Fish, and Judy Pham (medical personnel). I dismissed the Federal Bureau of Prisons and the Bivens action in my previous opinion, leaving only Moody's FTCA claim against the medical personnel. For the reasons that follow, I dismiss Moody's complaint for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

I.

I recited the applicable facts in the previous memorandum opinion dated December 1, 2008 (docket #10). Moody alleges that the defendants at various times dismissed Moody's medical concerns, improperly diagnosed his conditions, and took too long to properly treat his conditions over a four-year period while he was an inmate at the United States Penitentiary in

---

[1] 28 U.S.C. §§ 2671-2680.

[2] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

Lee County, Virginia.[3] (Pl. Mem. (docket #1, Ex. 2) at 5, 6-13.) Moody specifically claims that the "heart of the malpractice denial[] is [that] plaintiff continued to ask these medical professional[s] to help him . . . . He could not on occasions - [sic] breathe properly, and even then defendants claimed plaintiff's illness was a made up story . . . and even had plaintiff visit the mental health department for his physical complaints to the these defendants. But to learn [sic] later on that Moody . . . did have the medical problem he complained about to . . . defendants." Id. at 5. Moody sought court costs, attorney fees, investigation fees, and $30 million in damages.

In my prior memorandum opinion, I informed Moody that Virginia law applied to his FTCA medical malpractice claim because federal courts apply the substantive law of the state in which the act or omission giving rise to the action occurred. I informed Moody that the Virginia Medical Malpractice Act (VMMA) requires a medical malpractice plaintiff to obtain an expert certification of merit before proceeding with a civil action. I also reiterated the elements necessary to sustain a negligence action.

By a separate order dated December 2, 2008, the Magistrate Judge conditionally filed Moody's FTCA claim, requesting that Moody complete the requirements necessary to sustain a Virginia medical malpractice action. The Magistrate Judge also granted Moody an extension of time to file his response until January, 16, 2009. Moody filed his response, and his FTCA claim is now ripe for screening. See 28 U.S.C. § 1915A.

II.

I am required to dismiss any action or claim filed by an inmate if I determine the action or

---

[3] Moody is presently incarcerated at the Federal Correctional Institution - Gilmer in Glenville, West Virginia.

claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level[.]" Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964, 1965 (2007) (internal quotation marks omitted). Although I liberally construe pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

To prove negligence under Virginia law, a plaintiff must (1) identify a legal duty of the defendant to the plaintiff, (2) a breach of that duty, and (3) injury to the plaintiff (4) proximately caused by the breach. Talley v. Danek Med. Inc., 179 F.3d 154, 157 (4th Cir. 1999). In Virginia, a party alleging medical malpractice must also obtain an expert certification of merit before serving the defendant, pursuant to the VMMA. Va. Code § 8.01-20.1; see Parker v. United States, 475 F. Supp. 2d 594, 596 (E.D. Va. 2007) (stating that an FTCA medical malpractice claim is subject to the VMMA expert certification of merit requirement). The VMMA provides an exception to the certification requirement when expert certification is unnecessary "if the plaintiff, in good faith, alleges a medical malpractice action that asserts a theory of liability where

3

expert testimony is unnecessary because the alleged act of negligence clearly lies within the range of the [factfinder's] common knowledge and experience." Va. Code § 8.01-20.1; see Beverly Enterprises-Va., Inc. v. Nichols, 247 Va. 264, 267 (1994) (noting that the exception applies only in "rare instances" because only rarely do the alleged acts of medical negligence fall within the range of a factfinder's common knowledge and experience). "Where . . . a plaintiff 'calls into question' a 'quintessential professional medical judgment,' the matter 'can be resolved only by reference to expert opinion testimony.'" Parker, 475 F. Supp 2d at 597 (citing Callahan v. Cho, 437 F. Supp. 2d 557, 563 (E.D. Va. July 6, 2006); see Beverly Enterprises-Va., Inc., 247 Va. at 267.

In his response to the conditional filing order, Moody argues that the defendants "failed to do what a reasonable doctor nationally would have done in the same course of treatment" to test for ulcers. (Pl. Mem. B (docket #19) 18.) Moody also claims that the defendants deviated from "a course [of treatment] where a particular practice of treatment is done in the state of Virginia." Id. Without providing any expert certification of merit, these allegations do not meet the exception to excuse a plaintiff from providing the certification. Moody's assertions clearly do not lie within the range of common knowledge and experience because Moody questions a quintessential professional medical judgment, namely testing and diagnosing digestive disorders. Accordingly, I dismiss Moody's remaining FTCA action for failing to state a claim upon which relief may be granted, pursuant to § 1915A(b)(1), because Moody does not provide an expert certification of merit and does not qualify for an exception to that requirement.

III.

For the foregoing reasons, I dismiss Moody's complaint for failing to state a claim upon

which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This 23rd day of January, 2009.

/s/ Jackson L. Kiser
Senior United States District Judge